IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FONTAY L. BUTLER,

                    Plaintiff,

vs.                                    Case No. 14-1058-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

        This is an action reviewing the final decision of the

Commissioner of Social Security denying the plaintiff disability

insurance benefits.   The matter has been fully briefed by the

parties.

**I.   General legal standards**

        The court's standard of review is set forth in 42 U.S.C.

§ 405(g), which provides that "the findings of the Commissioner

as to any fact, if supported by substantial evidence, shall be

conclusive."  The court should review the Commissioner's

decision to determine only whether the decision was supported by

substantial evidence and whether the Commissioner applied the

correct legal standards.   Glenn v. Shalala, 21 F.3d 983, 984

(10th Cir. 1994).  Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).   At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On November 1, 2012, ALJ Michael R. Dayton issued his decision (R. at 97-107).  Plaintiff alleges that he had been disabled since October 25, 2010 (R. at 97).  Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2015 (R. at 99).  At step one, the

ALJ found that plaintiff did not engage in substantial gainful
activity after the alleged onset date (R. at 99).  At step two,
the ALJ found that plaintiff had severe impairments of major
depressive disorder; generalized anxiety disorder; panic
disorder with agoraphobia; and posttraumatic stress disorder (R.
at 99).  At step three, the ALJ determined that plaintiff's
impairments do not meet or equal a listed impairment (R. at
100).  After determining plaintiff's RFC (R. at 102), the ALJ
determined at step four that plaintiff was able to perform past
relevant work (R. at 105).  In the alternative, at step five,
the ALJ found that plaintiff can perform other jobs that exist
in significant numbers in the national economy (R. at 106).
Therefore, the ALJ concluded that plaintiff was not disabled (R.
at 107).

**III.  Does substantial evidence supports the ALJ's determination
that plaintiff is not disabled?**

     The court would note that plaintiff is proceeding pro se.
A pro se litigant's materials are entitled to a liberal reading,
and consequently, the court will make some allowances for the
pro se litigant's failure to cite proper legal authority, their
confusion of various legal theories, their poor syntax and
sentence construction, or their unfamiliarity with pleading
requirements, but the court cannot take on the responsibility of
serving as the litigant's attorney in constructing arguments and

searching the record.  Weaver v. Astrue, 353 Fed. Appx. 151, 154
(10th Cir. Nov. 18, 2009).  Plaintiff's brief indicates that he
is mentally ill, and does not raise any specific arguments (Doc.
13).  Plaintiff's reply brief provides documentation indicating
that he is receiving supplemental security income payments (Doc.
17), but the only issue raised in the ALJ decision was whether
plaintiff was entitled to disability insurance benefits (R. at
97).

    In making his RFC findings, the ALJ gave substantial weight
to the opinions of Dr. Stern, a non-examining state agency
medical source (R. at 104-105, 167-168).  The ALJ noted that the
record does not contain any opinions from any treatment
providers indicating that plaintiff is disabled, or has
limitations greater than those set forth in the decision (R. at
105).  The court would also note that the opinions of Dr. Stern,
and the ALJ's RFC findings, are also supported by another state
agency medical source, Dr. McRoberts (R. at 156-157).

    The court will not reweigh the evidence or substitute its
judgment for that of the Commissioner.  Hackett v. Barnhart, 395
F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d
903, 905, 908, 909 (10th Cir. 2002).  Although the court will
not reweigh the evidence, the conclusions reached by the ALJ
must be reasonable and consistent with the evidence.  See Glenn
v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must

affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court finds that the ALJ carefully reviewed the medical evidence, and made findings supported by substantial evidence in the record, including medical opinion evidence.  Plaintiff has not cited to any medical evidence, and the court did not find any medical opinion evidence, that contradicts the ALJ's RFC findings.  The court finds no clear error by the ALJ in his decision that plaintiff can perform past relevant work and other work that exists in the national economy.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 25th day of March, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge